34623. ELDERS *v.* OVERSTREET.

DECIDED MAY 14, 1953.

*H. H. Elders*, for plaintiff in error.
*John P. Rabun, M. W. Eason*, contra.

212

SUTTON, C. J. It appears from the record in this case that a fi. fa. for $740 principal and $844 interest in favor of Sheldon Stripling and others against H. H. Elders, as principal, and W. H. Yeomans and M. V. Overstreet, as sureties, was duly transferred to M. V. Overstreet for $921.76; that a garnishment was sued out by Overstreet against Elders on said judgment and execution, which was served on Johnnie H. Kicklighter, and said garnishee answered that he had in his hands $200 belonging to the defendant, Elders, which sum represented a fee for legal services rendered by said defendant; that the defendant had given a garnishment dissolution bond with Lee F. Cowart as surety, and that the funds garnished had been turned over to H. H. Elders after the dissolution bond was given.

The garnishment case came on for trial, without a jury, before the Judge of the Superior Court of Tattnall County, who, after hearing evidence from both parties, found that the fund garnished was subject to the garnishment and rendered judgment in favor of the assignee of the plaintiff in fi. fa., M. V. Overstreet, against H. H. Elders, as principal, and Lee F. Cowart, as surety, on the dissolution bond, in the sum of $200, with interest from the date of said judgment.

The contention of the defendant Elders, that the $200 involved in the garnishment proceeding was earned by him as a lawyer's fee and was not subject to garnishment, cannot be sustained. The judgment in favor of the plaintiff was amply authorized by law and the evidence, and the trial judge did not err in rendering said judgment.

*Judgment affirmed. Felton and Worrill, JJ., concur.*